IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>DAVID KENT REED,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-00425-JMC-7 |

**UNOPPOSED MOTION FOR ENLARGEMENT
OF TIME TO FILE COMPLAINT TO EXCEPT DEBT FROM DISCHARGE**

Kurt Ravenstein ("Ravenstein"), by counsel, creditor of debtor David Kent Reed ("Debtor"), requests entry of an order, pursuant to Rule 4007 of the Federal Rules of Bankruptcy Procedure, extending the time for Ravenstein to file a complaint to except debt from discharge pursuant to 11 U.S.C. § 523 for a period of sixty (60) days on the following grounds:

**I. JURISDICTION**

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for relief is Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**II. BACKGROUND**

4. On January 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

5. Prior to the Petition Date, Ravenstein and the Debtor were business partners that owned, operated and/or managed healthcare facilities and the related entities. The relationship eventually fell apart, with Ravenstein accusing the Debtor of, among other things, breaching his

fiduciary duties to Ravenstein, concealing business records from Ravenstein, breaching contracts by misappropriating and squandering funds, and squeezing Ravenstein out from various entities without his consent.

6. On April 4, 2023, the Saline County, Kansas District Court entered an *Order Granting Plaintiff Default Judgment* (the "Judgment") in favor of Ravenstein against the Debtor in Case Number 2021-CV-000117, granting judgment against the Debtor in the sum of more than $8.8 million. The entirety of the Judgment remains unpaid.

7. Ravenstein believes there may be grounds to except the Judgment from the Debtor's discharge pursuant to section 523 of the Bankruptcy Code for breach of the Debtor's fiduciary duties and fraud.

8. Ravenstein and his counsel are in the process of investigating the potential grounds to except the debt from discharge and intend to file motions for Bankruptcy Rule 2004 subpoenas of records related to the business entities and an examination of the Debtor.

### III. RELIEF REQUESTED

9. Ravenstein requests entry of an order enlarging the time for Ravenstein to file a complaint to except the debt from discharge for a period of sixty (60) days, from May 9, 2025 to and including July 8, 2025.

### IV. GROUNDS FOR GRANTING RELIEF

10. Pursuant to Bankruptcy Rule 4007(c), in a chapter 7 case, a complaint to except debt from discharge under section 523(c) of Bankruptcy Code shall be no later than sixty (60) days after the first date set for the meeting of creditors under section 341 of the Bankruptcy Code. Bankruptcy Rule 4007(c) provides that the Court may for cause extend this deadline, provided the motion is filed before the time has expired.

11. In this case the first date set for the meeting of creditors under section 341(a) of the Bankruptcy Code was March 10, 2025. Accordingly, the deadline for a creditor to file a complaint to except debt from discharge pursuant to section 523 of the Bankruptcy Code is May 9, 2025. This motion is made before the expiration of such deadline.

12. This request is not for the purpose of delay. Rather, allowing additional time for Ravenstein to conduct a Bankruptcy Rule 2004 examination and request production of, and examine, documents related to their business entities will likely simplify any contested issues and conserve judicial time and resources. An enlargement of time would also permit Ravenstein and the Debtor to engage in discussions regarding the dischargeability of the Judgment and explore a resolution of their dispute.

13. Counsel for the Debtor consents to the relief requested herein.

14. Without waiving the foregoing, in the event the Court denies this motion, Ravenstein requests that he be given an additional fourteen (14) days following the Court's ruling on this motion within which he is to file a complaint to except debt from discharge under section 523 of the Bankruptcy Code.

## V. NOTICE

15. A copy of this motion will be given to the following: (a) the United States Trustee; (b) the Debtor and his counsel; and (c) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, Ravenstein respectfully requests entry of an order enlarging the time for Ravenstein to file a complaint to except the debt from discharge by 60 days to and including July 8, 2025, and for all other just and proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.

Dated:  May 2, 2025      */s/ Matthew T. Barr*
    Matthew T. Barr

Meredith R. Theisen, Esq.
Matthew T. Barr, Esq.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Telephone:  (317) 634-0300
Facsimile:  (317) 263-9411
Email: mtheisen@rubin-levin.net
      mbarr@rubin-levin.net

*Counsel for Kurt Ravenstein*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 2, 2025 a copy of the foregoing *Unopposed Motion to File Complaint to Except Debt from Discharge* was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

Matthew Thomas Barr     mbarr@rubin-levin.net, mralph@rubin-levin.net;atty_barr@bluestylus.com;cgilly@rubin-levin.net
Joanne B. Friedmeyer     trustee@friedmeyerlaw.com, jbf@trustesolutions.net
Joseph L. Mulvey     joseph@mulveylawllc.com, linda@mulveylawllc.com
Meredith R. Theisen     mtheisen@rubin-levin.net, mralph@rubin-levin.net;cgilly@rubin-levin.net
U.S. Trustee     ustpregion10.in.ecf@usdoj.gov
Mark S Zuckerberg     filings@mszlaw.com, s.mr72948@notify.bestcase.com

    I further certify that on May 2, 2025, a copy of the foregoing *Unopposed Motion to File Complaint to Except Debt from Discharge* was mailed by first-class U.S. Mail, postage prepaid, or electronic mail as indicated and properly addressed to the following:

None.

          */s/ Matthew T. Barr*
          Matthew T. Barr

G:\WP80\GENLIT\Ravenstein, Kurt-Reed,David-81617402\Drafts\motion extend time file complaint.docx