IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>DAVID KENT REED,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-00425-JMC-7 |

**KURT RAVENSTEIN'S MOTION FOR EXAMINATION OF DEBTOR
UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Kurt Ravenstein ("Ravenstein"), by counsel, creditor of debtor David Kent Reed ("Debtor"), requests entry of an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, ordering examination of the Debtor and requiring the production of documents, on the following grounds:

## I. JURISDICTION

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for relief is Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. BACKGROUND

4. On January 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

5. Prior to the Petition Date, Ravenstein and the Debtor were business partners that owned, operated and/or managed healthcare facilities and the related entities. The relationship eventually fell apart, with Ravenstein accusing the Debtor of, among other things, breaching his

fiduciary duties to Ravenstein, concealing business records from Ravenstein, breaching contracts by misappropriating and squandering funds, and squeezing Ravenstein out from various entities without his consent.

6. On April 4, 2023, the Saline County, Kansas District Court entered an *Order Granting Plaintiff Default Judgment* (the "Judgment") in favor of Ravenstein against the Debtor in Case Number 2021-CV-000117, granting judgment against the Debtor in the sum of more than $8.8 million. The entirety of the Judgment remains unpaid.

7. The Judgment is largely a result of the Debtor's failure and refusal to produce documents related to the businesses he owned with Ravenstein.

8. Ravenstein believes there may be grounds to except the Judgment from the Debtor's discharge pursuant to section 523 of the Bankruptcy Code for breach of the Debtor's fiduciary duties and fraud. He believes it is necessary, though, to examine the Debtor and to obtain documents and information from the Debtor relating to their businesses in order to determine whether grounds to except the Judgment from discharge indeed exist.

### III. RELIEF REQUESTED

9. Ravenstein requests entry of an order pursuant to Bankruptcy Rule 2004, granting Ravenstein authority to issue a Bankruptcy Rule 2004 subpoena to the Debtor, requiring the production of certain documents and scheduling an examination of the Debtor on June 27, 2025 at 9:00 a.m. at the undersigned's office, or on such other date as agreed upon by the parties. The form of the proposed Bankruptcy Rule 2004 subpoena is attached as Exhibit 1.

### IV. GROUNDS FOR GRANTING RELIEF

10. "On a motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a). Such examination shall relate to "the acts, conduct, or

property or to the liabilities and financial conditions of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FED. R. BANKR. P. 2004(b).

11. "[T]he scope of [a 2004] examination is quite broad, relating to just about anything that deals with the debtor's actions, assets, liabilities, or financial affairs, its right to a discharge, or any matter affecting the administration of the bankruptcy estate." *In re Sheetz*, 452 B.R. 746, 748 (Bankr. N.D. Ind. 2001). "Great latitude of inquiry is ordinarily permitted." *In re Handy Any Home Improvements Ctrs.*, 199 B.R. 376, 379 (Bankr. N.D. Ill. 1996).

12. The standard for determining the propriety of an examination request under Bankruptcy Rule 2004 is "good cause." *In re Grabill Corp.*, 109 B.R. 329, 334 (Bankr. N.D. Ill. 1989). The "good cause" standard requires the movant to show "some reasonable basis to examine the material . . . [and] that the requested documents are necessary to establish the movant's claim or that denial would cause some undue hardship or injustice." *Id.*

13. In this case, Ravenstein believes good cause exists for entry of an order authorizing Ravenstein to issue a subpoena to the Debtor for the production of documents and scheduling an examination of the Debtor. Ravenstein holds a judgment against the Debtor in excess of $8.8 million. The Judgment is due to the Debtor's breach of fiduciary duties to Ravenstein, his business partner, including concealing business records from Ravenstein, breaching contracts by misappropriating, and squandering funds. Ravenstein needs the documents described in Schedule A to the proposed subpoena, and an examination of the Debtor, in order to fully analyze if grounds exist to except the Judgment from discharge.

## V. **NOTICE**

14. A copy of this motion, along with the attached exhibits, will be served on the following: (a) the United States Trustee; (b) the Debtor's counsel; and (c) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, Ravenstein respectfully requests entry of an order, substantially similar to **Exhibit 2**, granting Ravenstein authority to issue a Bankruptcy Rule 2004 subpoena to the Debtor, and granting Ravenstein all other just and proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.

Dated: May 16, 2025     */s/ Matthew T. Barr*
　　　　　　　　　　　　　Matthew T. Barr

Meredith R. Theisen, Esq.
Matthew T. Barr, Esq.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 634-0300
Facsimile: (317) 263-9411
Email: mtheisen@rubin-levin.net
　　　　mbarr@rubin-levin.net

*Counsel for Kurt Ravenstein*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2025 a copy of the foregoing *Kurt Ravenstein' Motion for Examination of Debtor Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Matthew Thomas Barr     mbarr@rubin-levin.net, mralph@rubin-levin.net;atty_barr@bluestylus.com;cgilly@rubin-levin.net
Joanne B. Friedmeyer     trustee@friedmeyerlaw.com, jbf@trustesolutions.net
Joseph L. Mulvey     joseph@mulveylawllc.com, linda@mulveylawllc.com
Meredith R. Theisen     mtheisen@rubin-levin.net, mralph@rubin-levin.net;cgilly@rubin-levin.net
U.S. Trustee     ustpregion10.in.ecf@usdoj.gov
Mark S Zuckerberg     filings@mszlaw.com, s.mr72948@notify.bestcase.com


I further certify that on May 16, 2025, a copy of the foregoing *Kurt Ravenstein' Motion for Examination of Debtor Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* was mailed by first-class U.S. Mail, postage prepaid, or electronic mail as indicated and properly addressed to the following:

None.

*/s/ Matthew T. Barr*
Matthew T. Barr
