IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| DAVID KENT REED, | Case No. 25-00425-JMC-7 |
| Debtor. | |

**UNOPPOSED SECOND MOTION FOR ENLARGEMENT
OF TIME TO FILE COMPLAINT TO EXCEPT DEBT FROM DISCHARGE**

Kurt Ravenstein ("Ravenstein"), by counsel, creditor of debtor David Kent Reed ("Debtor"), requests entry of an order, pursuant to Rule 4007 of the Federal Rules of Bankruptcy Procedure, extending the time for Ravenstein to file a complaint to except debt from discharge pursuant to 11 U.S.C. § 523 for a period of sixty (60) days on the following grounds:

**I. JURISDICTION**

1.  The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicate for relief is Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**II. BACKGROUND**

4.  On January 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

5.  Prior to the Petition Date, Ravenstein and the Debtor were business partners that owned, operated and/or managed healthcare facilities and the related entities. The relationship eventually fell apart, with Ravenstein accusing the Debtor of, among other things, breaching his

fiduciary duties to Ravenstein, concealing business records from Ravenstein, breaching contracts by misappropriating and squandering funds, and squeezing Ravenstein out from various entities without his consent.

6. On April 4, 2023, the Saline County, Kansas District Court entered an *Order Granting Plaintiff Default Judgment* (the "Judgment") in favor of Ravenstein against the Debtor in Case Number 2021-CV-000117, granting judgment against the Debtor in the sum of more than $8.8 million. The entirety of the Judgment remains unpaid.

7. Ravenstein believes there may be grounds to except the Judgment from the Debtor's discharge pursuant to section 523 of the Bankruptcy Code for breach of the Debtor's fiduciary duties and fraud.

8. On May 7, 2025, the Court entered an *Order Granting Motion to Extend Time to File Complaint* [Doc 25], extending the deadline for Ravenstein to file a complaint to except the Judgment from the Debtor's discharge to July 8, 2025.

9. Since entry of the order, Ravenstein has filed several motions for examination under Rule 2004 of the Bankruptcy Rules, seeking records related to the business entities and an examination of the Debtor.

10. On May 19, 2025, the Court entered an *Order Granting Kurt Ravenstein's Motion for Examination of Debtor Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Doc 28], authorizing Ravenstein to issue a Bankruptcy Rule 2004 subpoena to the Debtor. Pursuant to the subpoena, an examination of the Debtor was scheduled for June 27, 2025 and the Debtor was required to produce certain documents by June 15, 2025.

11. The Debtor has failed to produce the subpoenaed documents and, as a result, the Debtor's examination is being rescheduled.

12. Accordingly, Ravenstein seeks to extend the deadline to file a complaint to except the Judgment from discharge 60 days to allow additional time to review the subpoenaed documents and conduct an examination of the Debtor.

13. Counsel for the Debtor consents to the relief requested herein.

### III. RELIEF REQUESTED

14. Ravenstein requests entry of an order enlarging the time for Ravenstein to file a complaint to except the debt from discharge for a period of sixty (60) days, from July 8, 2025 to and including September 6, 2025.

### IV. GROUNDS FOR GRANTING RELIEF

15. Pursuant to Bankruptcy Rule 4007(c), in a chapter 7 case, a complaint to except debt from discharge under section 523(c) of Bankruptcy Code shall be no later than sixty (60) days after the first date set for the meeting of creditors under section 341 of the Bankruptcy Code. Bankruptcy Rule 4007(c) provides that the Court may for cause extend this deadline, provided the motion is filed before the time has expired.

16. This motion is made before the expiration of the current deadline and is not for the purpose of delay. Rather, allowing additional time for Ravenstein to conduct a Bankruptcy Rule 2004 examination and review the subpoenaed documents related to the business entities will likely simplify any contested issues and conserve judicial time and resources. An enlargement of time would also permit Ravenstein and the Debtor to engage in discussions regarding the dischargeability of the Judgment and explore a resolution of their dispute.

17. As noted above, counsel for the Debtor consents to the relief requested herein.

18. Without waiving the foregoing, in the event the Court denies this motion, Ravenstein requests that he be given an additional fourteen (14) days following the Court's

ruling on this motion within which he is to file a complaint to except debt from discharge under section 523 of the Bankruptcy Code.

## V. **NOTICE**

19. A copy of this motion will be given to the following: (a) the United States Trustee; (b) the Debtor and his counsel; and (c) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, Ravenstein respectfully requests entry of an order enlarging the time for Ravenstein to file a complaint to except the debt from discharge by 60 days to and including September 6, 2025, and for all other just and proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.

Dated: July 7, 2025

*/s/ Matthew T. Barr*
     Matthew T. Barr

Meredith R. Theisen, Esq.
Matthew T. Barr, Esq.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 634-0300
Facsimile: (317) 263-9411
Email: mtheisen@rubin-levin.net
          mbarr@rubin-levin.net

*Counsel for Kurt Ravenstein*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 7, 2025 a copy of the foregoing *Unopposed Second Motion for Enlargement of Time to File Complaint to Except Debt from Discharge* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Matthew Thomas Barr    mbarr@rubin-levin.net, mralph@rubin-levin.net;atty_barr@bluestylus.com;cgilly@rubin-levin.net
Joanne B. Friedmeyer    trustee@friedmeyerlaw.com, jbf@trustesolutions.net
Joseph L. Mulvey    joseph@mulveylawllc.com, linda@mulveylawllc.com
Meredith R. Theisen    mtheisen@rubin-levin.net, mralph@rubin-levin.net;cgilly@rubin-levin.net
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
Mark S Zuckerberg    filings@mszlaw.com, s.mr72948@notify.bestcase.com

      I further certify that on July 7, 2025, a copy of the foregoing *Unopposed Second Motion for Enlargement of Time to File Complaint to Except Debt from Discharge* was mailed by first-class U.S. Mail, postage prepaid, or electronic mail as indicated and properly addressed to the following:

None.

                                                   */s/ Matthew T. Barr*
                                                   Matthew T. Barr

G:\WP80\GENLIT\Ravenstein, Kurt-Reed,David-81617402\Drafts\Filed Drafts\second motion extend time file complaint.docx