**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| DAVID KENT REED, | Case No. 25-00425-JMC-7 |
| Debtor. | |

**MOTION FOR SANCTIONS FOR REFUSAL TO COMPLY WITH BANKRUPTCY RULE 2004 SUBPOENA AND TO COMPEL PRODUCTION AND ATTENDANCE**

Kurt Ravenstein ("Ravenstein"), by counsel, creditor of debtor David Kent Reed ("Debtor"), requests entry of an order, pursuant 11 U.S.C. § 105, sanctioning the Debtor for refusing to comply with Ravenstein's Bankruptcy Rule 2004 Subpoena, and compelling the Debtor's production of documents and attendance at a Bankruptcy Rule 2004 examination, on the following grounds:

## I.  JURISDICTION

1.      The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for relief is 11 U.S.C. § 105.

## II.  BACKGROUND

4.      On January 29, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

5.      Prior to the Petition Date,  Ravenstein and the Debtor were business partners that owned, operated and/or managed healthcare facilities and the related entities. The relationship eventually fell apart, with Ravenstein accusing the Debtor of, among other things, breaching his

fiduciary duties to Ravenstein, concealing business records from Ravenstein, breaching contracts by misappropriating and squandering funds, and squeezing Ravenstein out from various entities without his consent.

6.      On April 4, 2023, the Saline County, Kansas District Court entered an *Order Granting Plaintiff Default Judgment* (the "Judgment") in favor of Ravenstein against the Debtor in Case Number 2021-CV-000117, granting judgment against the Debtor in the sum of more than $8.8 million. The entirety of the Judgment remains unpaid.

7.      Ravenstein believes there may be grounds to except the Judgment from the Debtor's discharge pursuant to section 523 of the Bankruptcy Code for breach of the Debtor's fiduciary duties and fraud.

8.      On May 19, 2025, the Court entered an *Order Granting Kurt Ravenstein's Motion for Examination of Debtor Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Doc 28], authorizing Ravenstein to issue the Bankruptcy Rule 2004 subpoena (the "Subpoena") attached as Exhibit 1 to *Kurt Ravenstein's Motion for Examination of Debtor Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Doc 27] to the Debtor. Pursuant to the Subpoena, an examination of the Debtor was scheduled for June 27, 2025 and the Debtor was required to produce certain documents by June 15, 2025. A true and correct copy of the Subpoena is attached as Exhibi1 and incorporated herein.

9.      The Debtor failed to produce the subpoenaed documents by June 15, 2025. Ravenstein agreed to reschedule the examination to allow the Debtor additional time to produce the documents, initially agreeing to a new examination date of June 30, 2025. When it became clear that the documents would not be produced by that date, Ravenstein's counsel emailed the Debtor's counsel offering to reschedule the examination for July 17, 2025.

10. Counsel for the Debtor never advised if their client would be available for examination on July 17, 2025. Despite repeated prompts from Ravenstein's counsel for the Debtor's availability at a later date, no dates have been provided.

11. Ravenstein's counsel subsequently gave the Debtor a deadline of August 1, 2025 to produce the subpoenaed documents. As of the filing of this motion, the Debtor has not produced a single document in response to the Subpoena.

### III.  RELIEF REQUESTED

12. Ravenstein requests entry of an order (a) compelling the Debtor to produce the subpoenaed documents within 14 days of entry of an order granting this motion, (b) compelling the Debtor to appear for a Bankruptcy Rule 2004 examination within 14 days after all subpoenaed documents have been produced, and (c) assessing monetary sanctions against the Debtor in favor of Ravenstein for Ravenstein's fees and expenses incurred due to the Debtor's refusal to comply with the Subpoena.

### IV.  GROUNDS FOR GRANTING RELIEF

13. Pursuant to section 105(a) of the Bankruptcy Code, "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

14. Where a witness is required to appear for examination pursuant to Bankruptcy Rule 2004 and refuses to comply, the Court can reimburse the party seeking the examination for attorneys' fees and costs. *In re Continuum Care Services, Inc.*, 375 B.R. 692 (S.D. Fl. 2007) (refusal of witness to be examined pursuant to Bankruptcy Rule 2004 resulted in reimbursement of costs incurred by counsel in preparing for and attending the aborted Bankruptcy Rule 2004 examination and in filing motions for relief upon failure to comply with the court's orders); *In re*

*McCaulley*, 218 B.R. 866 (N.D. Oh. 1998) (attorneys' fees awarded for debtor's willful refusal to submit to Bankruptcy Rule 2004 examination).

15.    Here, the Debtor has willfully refused to comply with the Subpoena. The subpoenaed documents were originally due two months ago. The Debtor has provided no justification for his refusal to produce a single document or respond to Ravenstein's requests to provide dates for his rescheduled examination.

16.    Due to the Debtor's willful refusal to comply with the Subpoena, Ravenstein has incurred attorney's fees and expenses for his counsel's repeated efforts to request the subpoenaed documents and the Debtor's examination availability, and the filing of this motion.

**WHEREFORE**, Ravenstein respectfully requests entry of an order (a) compelling the Debtor to produce the subpoenaed documents within 14 days of entry of an order granting this motion, (b) compelling the Debtor to appear for a Bankruptcy Rule 2004 examination within 14 days after all subpoenaed documents have been produced, and (c) assessing monetary sanctions against the Debtor in favor of Ravenstein for Ravenstein's fees and expenses incurred due to the Debtor's refusal to comply with the Subpoena, and all other just and proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.

Dated:  August 15, 2025              */s/ Matthew T. Barr*
                                         Matthew T. Barr

Meredith R. Theisen, Esq.
Matthew T. Barr, Esq.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Telephone:  (317) 634-0300
Facsimile:  (317) 263-9411
Email: mtheisen@rubin-levin.net
          mbarr@rubin-levin.net

*Counsel for Kurt Ravenstein*

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2025 a copy of the foregoing *Motion for Sanctions for Refusal to Comply with Bankruptcy Rule 2004 Subpoena and to Compel Production and Attendance* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Matthew Thomas Barr     mbarr@rubin-levin.net, mralph@rubin-levin.net;atty_barr@bluestylus.com;cgilly@rubin-levin.net
Joanne B. Friedmeyer     trustee@friedmeyerlaw.com, jbf@trustesolutions.net
Joseph L. Mulvey     joseph@mulveylawllc.com, linda@mulveylawllc.com
Meredith R. Theisen     mtheisen@rubin-levin.net, mralph@rubin-levin.net;cgilly@rubin-levin.net
U.S. Trustee     ustpregion10.in.ecf@usdoj.gov
Mark S Zuckerberg     filings@mszlaw.com, s.mr72948@notify.bestcase.com

I further certify that on August 15, 2025, a copy of the foregoing *Motion for Sanctions for Refusal to Comply with Bankruptcy Rule 2004 Subpoena and to Compel Production and Attendance* was mailed by first-class U.S. Mail, postage prepaid, or electronic mail as indicated and properly addressed to the following:

None.

                                        */s/ Matthew T. Barr*
                                        Matthew T. Barr

F:\WP80\GENLIT\Ravenstein, Kurt-Reed,David-81617402\Drafts\motino for sanctions.docx