B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

___Southern___ District of ___Indiana___

In re DAVID KENT REED    Case No. _25- 00425-JMC-7_____
                    Debtor

                    Chapter ____7_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:                    **DAVID KENT REED**

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| 135 N. Pennsylvania Street, Suite 1400, Indianapolis, IN 46204 | June 27, 2025 at 9:00 a.m. |

The examination will be recorded by this method: __Written Transcript_____  _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A. Documents responsive to this subpoena should be provided to Matthew T. Barr, Esq., at Rubin & Levin, P.C. 135 N. Pennsylvania Street, Suite 1400, Indianapolis, IN 46204, by no later than June 15, 2025

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _May 21, 2025_

            CLERK OF COURT

                    OR    _____
_____        *Attorney's signature*
*Signature of Clerk or Deputy Clerk*

The name, address, email address, and telephone number of the attorney representing Kurt Ravenstein who issues or requests this subpoena, are:

Matthew T. Barr, Esq., Rubin & Levin, P.C. 135 N. Pennsylvania Street, Suite 1400, Indianapolis, IN 46204, Tel. (317) 860-2891, mbarr@rubin-levin.net

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**Exhibit 1**
**1 of 10**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States. or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law. in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service. etc.:

**Exhibit 1**
**2 of 10**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Exhibit 1**
**3 of 10**

## Schedule A

## [Document Requests]

Exhibit 1
4 of 10

## DEFINITIONS

The following Definitions are applicable to each of these Requests for Production ("Requests") and are deemed to be incorporated therein:

A.      "All" means "any" and vice-versa.

B.      "And" means "or" and vice-versa.

C.      "Correspondence" means all forms of information transference written, oral or electronic, including without limitation meetings, conferences, conversations, discussions, proposals, solicitations, interviews, correspondence, messages, and notes, as well as memoranda and records of communications.

D.      "Document" or "Documentation" means each and every writing or record of every type and description, however produced or reproduced, whether draft or final, original or reproduction, paper or electronic, signed or unsigned, that is in your possession or custody or under your control or to which you otherwise have access, regardless of where located, and includes, but is not limited to, bank statements, closing statements, tax statements, communications, correspondence, emails, text messages, instant messages, letters, meeting minutes (including but not limited to corporate board minutes), ledger sheets, contracts, negotiable instruments (including but not limited to checks and promissory notes), agreements, mortgages, deeds of trust, memoranda, reports, notes, diaries, calendars, telegrams, summaries, ledgers, invoices, bills, bills of lading, receipts, checks, checkbooks, charts, graphs, drawings, diagrams, worksheets, studies, surveys, market surveys, bulletins, articles, notices, instructions, books, manuals, pamphlets, periodicals, journals, logs, indices, photographs (negatives, print, and digital), microfiche, microfilm, telephone records, tax returns, tape recordings, video recordings, movies, compact disks, computer disks and drives, other data compilations from which information can be obtained, all materials similar to any of the foregoing, however denominated and by whomever prepared and to whomever addressed, and all other documents and things subject to production under Rule 34 of the Federal Rules of Civil Procedure. Every copy and version of any document which contains any notation, erasure, obliteration, marking or writing of any kind different from the original shall be treated as an original document.

E.      "Debtor" means David Kent Reed.

F.      "Person" means and refers to individuals, organizations (*e.g.*, corporations, partnerships, associations, and limited liability companies), governmental offices, agents and instrumentalities. Any reference herein to any person (including the parties to this action) includes attorneys, officers, directors, employees, agents, and other representatives in the control of or otherwise representing or acting for or on behalf of that person.

G.      "Petition Date" means January 29, 2025.

H.      "Present" shall mean the time of your response to this subpoena.

2

## Exhibit 1
## 5 of 10

I.      "Relating to" means constituting, comprising, concerning, containing, setting forth, showing, disclosing, describing, explaining, summarizing or referring to, supporting, contradicting, proving, disproving, or tending to prove or disprove, directing or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the discovery rules contained in the Federal Rules of Civil Procedure.  These terms should be construed to apply not only to the events to which they refer directly, but also to all meetings, discussions, contacts and other communications concerning those events, either with or between you and third persons.

J.      "You" and "your" means David Kent Reed.

K.      The singular shall include the plural, and the plural shall include eth singular; the words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive; "and" shall include "or" and "or" shall include "and;" "any" shall include "all" and "all" shall include "any."


## INSTRUCTIONS

A.      Any and all Documents in electronic format should be produced in their native electronic format or be produced in text-searchable PDF files.

B.      If you refuse to answer a request in whole or in part or fail to produce any requested documents, you shall describe in detail the basis for such refusal to answer or respond.

C.      You are requested to identify and list all documents called for by this request but withheld from production on the grounds of privilege.  All documents shall be retained intact pending a ruling by the Court on a claim of privilege.  Each document shall be identified by:

     a.  The names and titles of all authors and recipients;

     b.  The date the document was prepared;

     c.  The name and title of each person who had access to or custody of the document;

     d.  A general description of the subject matter and nature of the document;

     e.  The present custodian;

     f.  The subject matter and nature of the privilege claimed; and

     g.  If the attorney-client privilege is claimed, the date when the alleged attorney-client relationship arose.

3

**Exhibit 1**
**6 of 10**

D.      If any documents requested herein have been lost, discarded, or destroyed, the document so lost, discarded or destroyed shall be identified as completely as possible, including the terms set forth in paragraph C (a) – (g) above, and the following additional information:

       a.  Date of disposal or loss;

       b.  Manner of disposal;

       c.  Reason for disposal or explanation of loss;

       d.  Person authorizing the disposal;

       e.  Persons having knowledge of the disposal or loss; and

       f.  Persons disposing of the document.

4

**Exhibit 1**

**7 of 10**

## DOCUMENTS TO BE PRODUCED

1) Any and all statements for accounts at Tinker Federal Credit Union for the four years prior to the Petition Date in the name of:

    a. Debtor;

    b. Premier Pharmacy Group, LLC;

    c. HLC of Colorado, LLC;

    d. HRE Colorado Springs, LLC;

    e. HRE Colorado Springs, LLC;

    f. A Caring Heart Home Health, LLC; and

    g. Any other person or entity on which the Debtor was a signatory.

2) Any and all statements for accounts at Fifth Third Bank for the four years prior to the Petition Date in the name of:

    a. Debtor;

    b. Zactly Employment Solutions; and

    c. Any other person or entity on which the Debtor was a signatory.

3) Any and all statements for accounts at ANB Bank for the four years prior to the Petition Date in the name of:

    a. Heart Management, LLC;

    b. HLC of Colorado, LLC; and

    c. Any other person or entity on which the Debtor was a signatory.

4) Any and all statements for accounts at Bank of the West for the four years prior to the Petition Date in the name of:

    a. Heart Management, LLC;

5

**Exhibit 1**
**8 of 10**

   b.  Valor Health Network, LLC; and

   c.  Any other person or entity on which the Debtor was a signatory.

5)      Any and all statements for accounts at PNC Bank for the four years prior to the
Petition Date in the name of the Debtor's spouse, Terri Reed.

6)      Any and all monthly bank statements for any accounts in the name of Accuare
TX, Inc or Accucare LLC or the four years prior to the Petition Date.

7)      Any and all statements for American Express accounts for the four years prior to
the Petition Date in the name of:

   a.  Debtor;

   b.  Accucare TX, Inc;

   c.  Accucare LLC

   d.  Premier Pharmacy Group, LLC;

   e.  HLC of Colorado, LLC;

   f.  HRE Colorado Springs, LLC;

   g.  HRE Colorado Springs, LLC;

   h.  A Caring Heart Home Health, LLC;

   i.  Zactly Employment Solutions;

   j.  Heart Management, LLC;

   k.  Valor Health Network, LLC; and

   l.  Any other entity in which the Debtor held a membership or ownership interest.

8)      Any and all partnership agreements and related documents evidencing the
Debtor's partnership interest in Terra, LP.

6

**Exhibit 1**
**9 of 10**

9)      Any and all documents evidencing or otherwise relating to all distributions or other forms of payments received by the Debtor form Terra, LP in the four years prior to the Petition Date and after the Petition Date.

10)     Any and all documents evidencing the Debtor's business relationship with Butler Property Management LLC including, but not limited to, all partnership and management agreements.

11)     Any and all documents evidencing or otherwise relating to all distributions or other forms of payments received by the Debtor form Butler Property Management LLC and/or Peter Loomis in the four years prior to the Petition Date and after the Petition Date.

12)     Any and all documents relating to the Debtor's purported sale of 4702 Cornelius Ave, Indianapolis, IN 46208 including, but not limited to, all sale contracts, deeds, and proof of payment received by the Debtor.

13)     Any and all documents evidencing or otherwise relating to all payments, gifts, and other transfers of real or personal property (or an interest in real or personal property) from the Debtor or any entity in which the Debtor held a membership or ownership interest to Terri Reed in the four years prior to the Petition Date.

14)     Any and all documents evidencing or otherwise relating to all payments, gifts, and other transfers of real or personal property (or an interest in real or personal property) from the Debtor or any entity in which the Debtor held a membership or ownership interest to Lauren Hawcroft in the four years prior to the Petition Date.

7

**Exhibit 1**
**10 of 10**